IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DAVID FERNANDEZ, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civ. Act. No. 1:21-CV-01001-JRN |
| § | |
| APARTMENT MANAGING § | |
| PROFESSIONALS, LTD, § | |
| § | |
| *Defendant.* § | |

**DEFENDANT'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendant Apartment Management Professionals, Ltd. ("Defendant"), through its attorneys, Jackson Lewis P.C., files its First Amended Answer to David Fernandez ("Plaintiff") Original Complaint and would respectfully show:

**I.
SPECIFIC DENIALS**

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant responds to the allegations in each corresponding paragraph of Plaintiff's Complaint as follows:

1. Defendant denies the allegations in paragraph 1 that it violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). The remainder of paragraph 1 sets forth legal conclusions and questions of law to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the legal conclusions contained in paragraph 1.

2.  Defendant denies the allegations in paragraph 2 that it failed to pay proper overtime compensation under the FLSA. The remainder of paragraph 2 contains Plaintiff's statement of the case and legal arguments to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the legal conclusions contained in paragraph 2.

3.  Paragraph 3 sets forth Plaintiff's jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the legal conclusions contained in paragraph 3.

4.  Paragraph 4 sets forth Plaintiff's venue allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the legal conclusions contained in paragraph 4.

5.  Defendant lacks knowledge or information sufficient to form a belief about whether Plaintiff is a resident of Travis County, as alleged in paragraph 5. Defendant admits the remaining allegations in paragraph 5.

6.  Defendant admits the allegations in paragraph 6.

7.  Defendant admits the allegations in paragraph 7.

8.  Defendant admits the allegations in paragraph 8.

9.  Paragraph 9 is a statement reincorporating Plaintiff's previous paragraphs, to which no response is required. To the extent a response is required, Defendant reincorporates its responses to Paragraphs 1 through 8.

10. Defendant admits the allegations in paragraph 10.

11. Paragraph 11 sets forth legal conclusions and questions of law, to which no answer is required. However, to the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 11.

12. Defendant admits the allegations in paragraph 12.

13. Defendant admits the allegations in paragraph 13.

14. Defendant admits the allegations in paragraph 14.

15. Defendant admits the allegations in paragraph 15.

16. Paragraph 16 sets forth legal conclusions and questions of law, to which no answer is required. However, to the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 16.

17. Defendant admits that it hired Plaintiff to work for Defendant, paid him wages and benefits, and controlled certain aspects of his employment as his employer, as alleged in paragraph 17. Defendant denies the remaining allegations in paragraph 17.

18. Defendant denies the allegations in paragraph 18.

19. Defendant denies the allegations in paragraph 19.

20. Defendant admits that Plaintiff was required to clock in and clock out, and sometimes used a laptop to do so, as alleged in paragraph 20. Defendant denies the remaining allegations in paragraph 20.

21. Defendant denies the allegations in paragraph 21.

22. Defendant denies the allegations in paragraph 22.

23. Defendant denies the allegations in paragraph 23.

24. Defendant denies the allegations in paragraph 24.

25. Defendant admits the allegations in paragraph 25.

26. Defendant admits the allegations in paragraph 26.

27. Defendant admits that Plaintiff received bonuses, as alleged in paragraph 27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 27.

28. Defendant admits the allegations in paragraph 28.

29. Paragraph 29 sets forth legal conclusions and questions of law to which no response is required.

30. Defendant denies the allegations in paragraph 30.

31. Defendant denies the allegations in paragraph 31.

32. Paragraph 32 sets forth legal conclusions and questions of law to which no response is required.

33. Defendant denies the allegations in paragraph 33.

34. Defendant denies the allegations in paragraph 34.

35. Paragraph 35 is a statement reincorporating Plaintiff's previous paragraphs, to which no response is required. To the extent a response is required, Defendant reincorporates its responses to Paragraphs 1 through 35.

36. Paragraph 36 contains Plaintiff's legal arguments to which no response is required. To the extent a response is required, Defendant denies every allegation and legal conclusion in Paragraph 36.

37. Paragraph 37 contains Plaintiff's legal arguments to which no response is required. To the extent a response is required, Defendant denies every allegation and legal conclusion in Paragraph 37.

38. Paragraph 38 contains Plaintiff's legal arguments to which no response is required. To the extent a response is required, Defendant denies every allegation and legal conclusion in Paragraph 38.

39. Defendant admits the allegations in paragraph 39.

40. Defendant denies the allegations in paragraph 40.

41. Defendant denies the allegations in paragraph 41.

42. Defendant denies the allegations in paragraph 42.

43. Defendant denies the allegations in paragraph 43.

44. Defendant denies the allegations in paragraph 44.

45. Defendant denies the allegations in paragraph 45.

46. The remainder of Plaintiff's Complaint constitutes Plaintiff's prayer for relief to which no responsive pleading is necessary. To the extent a responsive pleading is required, Defendant denies that Plaintiff is entitled to the relief sought. All allegations that have not been specifically admitted are hereby denied.

## II.
## DEFENSES AND AFFIRMATIVE DEFENSES

1. Defendant invokes the defenses, protections, and limitations of the FLSA.

2. At all times, Defendant acted in good faith and had reasonable grounds for believing its actions were in compliance with the FLSA.

3. Defendant did not know or show reckless disregard for whether its conduct was prohibited by the FLSA.

4. Defendant's actions were in good faith conformity with and/or reliance on administrative regulations, orders, rulings, approvals, interpretations, or practices of the Department of Labor.

5. To the extent that Plaintiff may seek punitive damages, Plaintiff's recovery is limited by applicable provisions of the FLSA and the Texas and/or United States Constitutions. Any award of punitive damages to Plaintiff in this case would be in violation of the FLSA and the constitutional safeguards provided to Defendant under the Constitution of the United States and/or the laws of the State of Texas.

6. Plaintiff is not entitled to punitive/liquidated damages as Defendant did not act or fail to act in a manner sufficient to give rise to punitive/liquidated damages liability.

7. Defendant asserts entitlement to any allowable credits or offsets against a judgment, if any, in favor of Plaintiff, including any offset for income, compensation, credits, and benefits Plaintiff received.

8. Plaintiff's claims are barred to the extent that Plaintiff seeks damages beyond the applicable limitations periods.

9. Even if the allegations contained in Plaintiff's Complaint are true (which they are not), to the extent that the time for which Plaintiff alleges that he has not been compensated, involve only insubstantial or insignificant periods of time, these periods are "*de minimis*" and are not compensable under the FLSA, and do not trigger the beginning or end of compensable time.

10. Plaintiff's claims under the FLSA are barred to the extent that Plaintiff submitted false and inaccurate time records or failed to report time he claims to have worked. In such situations, Plaintiff's claim is barred in whole or in part by the application of the doctrines of estoppel and unclean hands.

11. Plaintiff's claims for overtime under the FLSA are barred as a matter of law during any workweeks in which Plaintiff did not work in excess of 40 hours per week.

12. Defendant reserves the right to assert further affirmative defenses as they become evident through discovery investigation or should additional claims be added to the instant lawsuit.

WHEREFORE Defendant Apartment Managing Professionals, Ltd. prays that Plaintiff's claims be dismissed with prejudice, and that a judgment of no recovery be entered against Plaintiff and in Defendant's favor, and for such other and further relief, at law on in equity, to which Defendant may be justly entitled

Respectfully submitted,

*/s/Jheris R. Jordan*
Lauren Hope Whiting
State Bar No. 24084091
Lauren.Whiting@jacksonlewis.com
Jheris R. Jordan
State Bar No. 24097905
Jheris.Jordan@jacksonlewis.com
JACKSON LEWIS P.C.
93 Red River Street, Suite 1150
Austin, Texas 78701
Telephone: (512) 362-7100
Facsimile: (512) 262-5574

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of *Defendant's First Amended Answer to Plaintiff's Complaint* was electronically filed with the clerk for the U.S. District Court, Western District of Texas, on May 19, 2023 and a copy was forwarded via ECF notice to the following attorneys of record:

Sean Short
Josh Sanford
SANFORD LAW FIRM, LLC
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
PH: (501) 221-0088
FX: (888) 787-2040
sean@sanfordlawfirm.com
josh@sanfordlawfirm.com

                                             */s/Jheris R. Jordan*
                                             Jheris R. Jordan

4861-6367-2673, v. 3